ABEL LOGAN, plaintiff in error, v. NATHANIEL DUNLAP, defendant in error.

*Error to Schuyler.*

The "*Act for the benefit of Mechanics*" requires that the contract under which a mechanic's lien is claimed, should be set out in the petition, and be made the founda-

Logan *v.* Dunlap.

tion of the action. It is not sufficient to set out a note, and aver that the note was given for work done on the defendant's mill, or other building.

THE petition, in this case, was filed on the 11th of January, 1838. The cause was tried before the Hon. Peter Lott, at the March term, 1840, of the Schuyler Circuit Court. Judgment was rendered for $214.09, and a special writ of *fieri facias* awarded against the mill.

W. A. MINSHALL and S. T. LOGAN, for the plaintiff in error.

M. McCONNEL and W. A. RICHARDSON, for the defendant in error.

WILSON, Chief Justice, delivered the opinion of the (old) Court:

This is professedly a proceeding under the "*Act for the benefit of Mechanics,*" (1) for the purpose of acquiring a lien upon the mill of the defendant. The petition sets out the note executed to the plaintiff by the defendant, which is as follows: "Thirty days after date, I promise to pay N. Dunlap, or order, one hundred and sixty-six dollars and eighty-one cents, for value received, at twelve per cent. interest until paid. November 24th, 1837. The above sum due for work at my mill. ABEL LOGAN."

It is then alleged that the note was given for so much work done by the plaintiff on the defendant's mill.

To this petition the defendant demurred, and the Court overruled the demurrer, which decision is assigned for error.

The question for adjudication, therefore, is, as to the sufficiency of the petition to entitle the plaintiff to a lien upon the mill, on which the work was performed. The statute giving the lien declares, that if the suit be commenced in the Circuit Court, it shall be by bill or petition, describing, with common certainty, the tract of land, town lot, building, mill, or machinery, upon which such lien is intended to be made to operate, and, also, the nature of the contract, or indebtedness. It also provides, that "the suit shall be commenced within three months from the time when payment should have been made, by virtue of any such contract by which such lien shall be claimed." This statute requires that the contract, under which the lien is claimed, should be set out in the petition, and be made the foundation of the action. In this case, the note is clearly the foundation of the action; and although it is averred in the petition, that the note was given for work done on the defendant's mill, yet the contract under which it was done, is not attempted to be set out. It does not, therefore, appear whether the note was given in pursuance of that contract, or upon a subse-

(1) R. L. 448; Gale's Stat. 460.

quent agreement. Neither does it appear when the work was performed, nor at what time, by the terms of the original contract, it was to be paid for. For any thing that appears, therefore, the note may have been given years after the work was done, and should have been paid for. All these omissions are fatal defects, and the demurrer to the petition should have been sustained by the Court below. The judgment is reversed.

*Judgment reversed.*

*Note.* See Laws of 1839–40, 147.